FILED

APR 12 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY BT DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**Plaintiff** Lowell Green, #00518622

**V.** **Case No.** SA23CA0468 OG

**Defendant** Unknown Defendants

---

Please see Complaint Attached

Thirteenth Amendment "Breached" Page 1 of 15

Case 1:22-CV-353 05/13/2022 The United States Supreme Court of America. 1 First Street N.E Washington. D.C 20543 Date Stamped APRIL 2022 from United States District Court of Columbia 333 Constitution Ave. N.W. Washington, D.C 20001. 42 USC § 1985(2)(3) (Violation)

1. ~~Lowell Dewayne Green~~ V. UNITED STATES OF AMERICA (False imprison) May 23, 1989 ~~Dallas County~~ 283rd District Court of Dallas County Texas. Cause no. F89-91000-HT (UUMV) ~~2005~~ Penal Code Ann. § 31.07 unlawfully

2. "Knowingly" and intentionally operated a motor-propelled vehicle, namely: an automobile, with the effective consent of Richard Elliott. April 1989 Against the Peace and Dignity of the State. Janet Hentell. Foreman Grand Jury Texas Constitution Article 1 § 15 (Bill of

Page 1 see other side


Rights?.. Rights of Accused (Exoneration), the State of Texas v. LOWELL DEQUINCY GREEN Cause no. [illegible] F89-47009-H, do not allege any offense on the face of the information Tex. Penal Code Ann. § 31.07. he must unlawfully intentionally or knowingly operate a motor-propelled vehicle namely: a Light Blue Cadillac Automobile, on or May 23 1989 without the effective consent of Richard Elliott. thereof Charging officer Texas Department of Public Safety (Highway Patrol First Observer on I-20, and then Dallas Police Arresting Agency on Rupert Circle and Bickers in West-Dallas Housing Project they arrested Lowell Quincy Green, Parolee

running on foot (evading arrest) detention. Tex. Penal Code Ann. § 38.04.

3. Richard Elliott lives in Arlington, Texas, Tarrant County, Texas. May 23, 1984, Tex. Code of Crim. Proc. Ann. art. 13.08 Venue statute applies to (UUMV), Tex. Penal Code Ann. § 31.07 at the "time" automobile is (moved) without Richard Elliott's effective consent. Tex. Penal Code Ann. § 6.03 (Knowledge), as applied Cause no. F84-97008-HT, Knowingly and intentionally Tex. Penal Code Ann. 8.03 Mistake of Fact, he cannot be blamed. May 23, 1984, while on (parole) Lowell Quincy Green Cause no. F86-69827-LV (UUMV) 292nd District Court of Dallas County, Texas November 19, 1986 (UUMV) Tex. Penal Code Ann. § 31.07. December 16, 1986 (6)

Page 3: see other side

Plea Bargain Tex. Dept. of Corrections rec'd January 1987. TDC# 440123. And Gov. Paroled Nov. 1988 (Contract) Signed Lowell Quincy Green TDC# 4?9?2? (executed) Cause no. F86-64827-LV (remaining) term on (6) years; (4) years left, November 19, 1992, but was arrested On May 23, 1994 and indicted Cause No. F94-47008-HK, APRIL 1994 (impossible), for May 23, 1994 to Come before APRIL 1994. Judge Jack Hampton, Prosecutor D. Pickett, Public Defender J. Whittier. Cause no. F94-47008-HK, does not allege the "prior" Con-viction. Tex. Penal Code Ann § 12.42,

(4.) August 10, 1989 (illegal) (30) years (C.W.I.) (rid ~~[illegible]~~ LOWELL DE-QUINCY GREEN. Mary Jane Sar/13

Foreman of the Jury. Tex. Code of Crim. Proc. Ann. art. 35.02 (Jury Sworn), Aug. 10, 1994 (illegal) 30 years, and complainant Richard Elliott. Tex. Code of Crim. Proc. [illegible] 36.03 36.05 (?) witness sworn and he committed perjury.

(5) (TDC Rec'd) Aug. 23, 1994. Lowell DeQuincy Green Cause no. F94-47000-H (WM) (30) years, SID 05036024 TDC NO. 510022, Green v State, 05-94-01170-CR (Dallas Fifth Court of Appeals) June 11, 1990, Justice Thomas Baker, affirmed (illegal) (30) years.

(6) Lowell DeQuincy Green. v. State of Texas, Texas Court of Criminal Appeals. PDR NO. 0542-90 (Tex. Crim. App. Dec 12. 1990) ref'd. COA NO 05-89-01170-CR Cause no. F89-47000-H, 283rd District Court of Dallas, Texas (illegal) Exparte.

LOWELL DEQUINCY GREEN, WR-82,481-07

Page. 5, see other side

Coffield unit (February 07, 2018) Warden Jeffrey Catoe, unit Chair of Classification Dr. Francis, Parole Board said [illegible], 20 yrs, 25 yrs, 25 yrs, 25 yrs, Parole 2030. Life.

(7) "Clerk Classification and Records P.O. Box 99 Huntsville, Texas 77342. Article 11.07 Writ for Habeas Corpus. Ex parte Ashe, 641 S.W. 2d 243 (Tex. Crim. App. 1982), The Court granted applicant's application for habeas corpus, holding that the trial court's commutation order was invalid because it only contained the cause number and county of prior conviction, and thus was insufficient. The Court ordered that applicant's sentence should begin on the day of pronouncement, with applicant receiving credit for time spent in jail as recited in the

Sentences, and remanded. Ex parte Voelkel, 517 S.W. 2d 291 (Tex. Crim. App. 1975). A Court is prohibited from adding a cumulation onto a sentence already imposed after the petitioner has suffered punishment under the sentence as originally imposed. Such an attempted cumulation is null and void and is of no legal effect. Tex. Code of Crim. Pros. Ann. art. 42.09. Ex parte Ashe, 641 S.W. 2d 243 (Tex. Crim. App. 1982) The Court stated that this was insufficient because the conviction was in a different Court.

B.) Lowell Quincy Green v. Warden Jeffrey Catoe, et al, 6:17-cv-221 informa pauperis (Approved E.D. Tex. Judge John D. Love) United States Magistrate Judge. 28 USC 8

Page 7. See other side

8 Casto, said Aggravated Robbery, September 21, 1982, 294th District Court of Dallas County, Texas, Lowell DEQUINCY GREEN (3753) Bernal Drive Dallas, Texas 75212, and he is so correct. NOV. 17, 1982 (5) years (Plea-Bargain) Cause no. F82-90247 FRU SID-TX03030024 DOC (A) 23100057 Dec. 12, 1982, WR-82,491-07 illegality. 42 U.S.C. § 1983. NO. 6:17-CV-2216 (E.D. Tex. Tyler) Filed and (USDC NO. 1:22-CV-353) Angela D. Caesar, Clerk, Judge Trevor N. McFadden) (USDC NO. 4:18-CV- Emmitt G. Sullivan) and USDC NO. 20-2479 (10/2021) James E. Boa- beg) Violated Art. VI Oath, because they all lied under the "FALSE STATEMENT" 28 C.F.R. § 10.85 (FBI), Provided Lowell Quincy Green his "Rapsheet". FBI-UCN #34604AA, Texas Arrest Information (Novem-

ber 10, 2021) Federal Bureau of Investigation Section Chief Scott A. Rago Lun- testify before Congress. Texas Depart- ment of Criminal Justice. Office of the Inspector General (Police) KDS775 Complainant: Lowell Gr- Quincy Green, TDC# 518622. Complaint 21000006853 May 21, 2021

(10) December 2021 U.S. Dist. Clerk's Office Northern District of Texas Dallas Division 1100 Commerce Street Rm. 1452 Dallas, Texas 75242 (Judge Sam Cummings I/mu Lorillu Ramirez)

(11) NO. 5:23-CV00228, Instrument: 5 W.G. United States District Court Western District of Texas 262 W. Nueva St. # 1-400 San Antonio, Texas 78207. Lowell Q. Green, TDCJ#00518622 Plaintiff. V. David

J. Bradley, Clerk; ET AL. Defendant, 5:23-CV-00228-JKP (Jason Pulliam) United States District Judge (assigned) (USCA NO. 1:22-CV-353), and presumed 42 USC § 1983 and 28 USC § 2254, denying his application for writ of jurisdiction, the Court renders the following Final Judgment pursuant to Federal Rule of Civil Procedure 58.

Plain Error Ground One:

(1). Plaintiff Contend that he did not File a 28 USC § 2254 Petition, thus Judge Pulliam "lied" under Oath, he "Presumed", Tumey v. Ohio, 273 U.S. 510, 535 (1927) (judge was not impartial). See Castro v. United States. Courts sometimes re-characterized motion's filed by pro se litigants as § 2254

petitions, thereby subjecting successive petition to stringent restrictions. See, e.g., Simon v. U.S., 359 F.3d 139, 144 (2d Cir. 2004) (recharacterization of motion improper because Court did not follow requirements for recharacterizing pleading); Castro, 540 U.S. 375, 377 (2003) § 2254 relief; See Cook v. N.Y. State Div of Parole, 321 F.3d 274, 282 (2nd Cir. 2003); Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004) (Failure to provide notice of recharacterization mandate that any subsequent § 2254 motion be treated as first); See, e.g., Stow v. Murashige, 389 F.3d 880, 887-88 (9th Cir. 2004) (habeas petition treated

Page 11. See other side.

under § 2241, not § 2254, because petition not in custody under Valid State Court Judgment of Conviction).

Plain error Ground Two.

(12) Plaintiff contends that the judge be of good moral character him-self and uphold his Oath and not lie on the bench under his black satin robe like he is a king, he must prove 28 U.S.C. § 1915(a) three-strike's apply to Lowell Dewing Green (natural being) or LOWELL DEWINLY GREEN/ID NO. 5191622 (ens legis) Corporation, Account owe $21,760.00 Federal Court Fee's, USDC NO. 5:23-CV-00228-JKP March 10, 2023 (Impossibility)/Bugr

§ 401(1)(2012)(obstruction). The State of Texas (Discharged) Cause no. F84-71008-HK Lowell DeQuin 458 (May 23, 2014)(30) Years Birth date: May 23, 1981. TDCJ 516022, 283rd District Court of Dallas County Texas Judgment: Aug. 10, 1984. Fed. Rules of Evid. Article Rule 803(9)(C) Public Records.

11.07 writ for habeas corpus (Tex. No. WR-82,981-07 (Tex. Crim. App. April 25, 2018) Denied without written order WR-82,981-13 (Tex. Crim. App. Oct. 2020) Denied Cause no. F84-71008-HK, illegal restraint without written order; Grand Director Bobby Lumpkin, Bryan Collier, Ken Paxton, Governor Greg Abbott. Case No. 4:20-01-0354 (S.D. Tex. Dec. 3, 2020)(USDC 5:23-CV-00229) Jason Fullum is hereby amended to the instant suits LeClerc v. Webb, 419 F.3d 405, 414 (5th Cir.

(13)

[illegible]

2005) (Judges are unamendable to suit in their enforcement capacity) ignorance of [illegible] is not a defense for judges.

(14) 42 USC § 1983(a)(2) Congress intended [illegible] to apply [illegible] $1.25 Million dollars [illegible] 446 U.S. 14, 22 (1980)

Case 5:23-cv-00223 STANDING ORDERS IN CIVIL CASES ASSIGNED to Judge Jason Pulliam

Page 1: 2 [illegible] the basis for any motion for summary judgment in these cases should be limited to purely legal issues (e.g. whether a legal ruling [illegible] [illegible] (2),

"Note:" One can also file a motion for partial summary judgment under Rule 56(a) for liability alone despite the fact [illegible] the liability that the amount [illegible]

is still in dispute. Fed. Rule Civ. P. 56(c), W.D. Tex. [illegible] [illegible] of [illegible].

Prayer For immediate relief

WHEREFORE, plaintiff prays for judgment against defendant, and punitive damages award, court costs of the proceedings and attorney fee.

VERIFICATION

I, [illegible] and verify that under penalty of perjury that the foregoing information is true and correct. 2016[illegible]

[signature]

Date: April 10, 2023 Lowell [illegible]
Connally unit #[illegible]
899 FM 632
Kenedy, Texas 78119

I certify that a true copy of the same is served on Jason [illegible], demanding [illegible] [illegible], the Supreme Court Clerk shall file [illegible] [illegible] [illegible].

[illegible]

Judge Jason Pulliam

Served